

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

**BY ECF AND E-MAIL**

November 16, 2020

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   New York Independent Venue Association, et al. v. Bradley, No. 20-cv-6870

Dear Judge Woods:

This Office represents defendant Vincent G. Bradley, sued in his official capacity as Chairman of the New York State Liquor Authority ("SLA"). I write pursuant to the Court's Individual Rules of Civil Practice to request a pre-motion conference in anticipation of Chairman Bradley's motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), and to outline the arguments that the Chairman intends to raise in his motion.

Factual Background and Allegations:

This case arises in the context of the global COVID-19 pandemic, which has caused tens of thousands of deaths in New York State alone. Among the urgent and necessary actions taken by the State to control the spread of the virus is the temporary prohibition on performance events, such as concerts. These types of events are more dangerous than other activities, such as restaurant service, in that they involve large crowds entering and leaving all at once; congregating and mingling in queues to enter the venue; and difficulty in enforcing social distancing. The prohibition on performance events was implemented by certain Executive Orders and Department of Health Guidance.[1]

On August 18, 2020, to assist its licensees in complying with the relevant Executive Orders and DOH Guidance prohibiting performance events, the SLA updated its guidance to its licensees to clarify that they could not advertise performance events or sell tickets to performance events.

---

[1] https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/Lowriskoutdoorartsandentertainment-MasterGuidance.pdf (low-risk outdoor activities), https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/Lowriskindoorartsandentertainment-MasterGuidance.pdf (low-risk indoor activities) (collectively, the "DOH Guidance") (both explicitly excluding "higher-risk" activities, including concerts).

The SLA Guidance further noted that "incidental" music – live or recorded ancillary background music that does not operate as the primary draw to the venue – remains permissible.[2]

Plaintiffs in this case are a group of performance venues that under the applicable Executive Orders and DOH Guidance remain temporarily unable to conduct business in the nature of a performance venue, but are permitted to operate in the nature of a restaurant. They claim (1) that the SLA Guidance's prohibition on advertising performance events violates their First Amendment rights; (2) that the SLA Guidance's prohibition on ticketed performance events violates their substantive due process rights; and (3) that the SLA Guidance is arbitrary and capricious under Article 78 of the New York Civil Practice Law and Rules.

Plaintiffs previously sought a motion for a preliminary injunction against the SLA Guidance. On September 23, 2020, following oral argument on Plaintiffs' motion, this Court declined to enjoin the SLA Guidance. (ECF No. 20) The Court held, *inter alia*, that Plaintiffs had not demonstrated a likelihood of success on either their First Amendment claim relating to the advertising restrictions or their substantive due process claim relating to the ticketing restrictions.

Grounds For Dismissal:

Plaintiffs' case is fundamentally flawed, as a general matter, as it challenges only the SLA Guidance, rather than the Executive Orders and DOH Guidance on which the SLA Guidance is based. The complaint discusses the Executive Orders instituted to combat the virus generally, and conveys Plaintiffs' generalized disapproval of them, but glosses over the portions of those orders that have made live music performances illegal in New York State. The SLA Guidance prohibits only activity that is *already* illegal under these underlying, unchallenged directives.[3] Plaintiffs implausibly contend that it is just the SLA Guidance that is purportedly impinging on their rights.

Plaintiffs' individual theories fail because they do not plead facts that could allow them to make a plausible case that the State's decision to temporarily restrict live music events, or the SLA's guidance in support of that decision, violates the Constitution. First, Plaintiffs claim that the SLA guidance prohibiting the promotion of live music and ticketed events violates their First Amendment rights. However, pursuant to Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n, 447 U.S. 557, 563-64 (1980), a restriction on commercial speech is permissible if it addresses unlawful activity. Plaintiffs have not alleged that non-incidental music events are lawful at the present time, nor could they plausibly do so. As such, the alleged restriction on Plaintiffs' speech is permissible under Central Hudson, and Plaintiffs' claim fails.

Second, Plaintiffs argue that the SLA guidance prohibiting them from selling tickets to events violates their substantive due process rights because it does not bear a "real and substantial

---

[2] https://sla.ny.gov/phase3-guidelines-for-on-premises-licenses (the "SLA Guidance").

[3] At oral argument on Plaintiffs' preliminary injunction motion, counsel for Plaintiffs stated that "[i]f the SLA had phrased the rule as a ban on advertising or ticketing illegal events, we wouldn't be here." Tr. 4:23-24. As counsel for Chairman Bradley has stated on the record that the rule is, in fact, only a ban on advertising or ticketing *illegal* events, there may be no remaining justiciable issue for this Court to resolve.

relation" to public health. However, again, Plaintiffs have not challenged the Executive Orders and DOH Guidance that currently prohibits such events, and as such the SLA Guidance prohibiting ticketing for illegal events cannot possibly infringe on their rights. Moreover, even with respect to the underlying directives, Plaintiffs have not plausibly pled that attempts to limit the congregation and commingling of persons by preventing performance venues from operating do not bear a real and substantial relation to suppressing the spread of the COVID-19 virus. See Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11, 27 (1905) (holding that "a community has the right to protect itself against an epidemic of disease," and in such times judicial scrutiny is reserved for a measure that "has no real or substantial relation to" the object of protecting the public health or is "beyond all question, a plain, palpable invasion of rights secured by the fundamental law.").

Finally, Plaintiffs' Article 78 claim cannot be addressed by this Court, as Article 78 claims can only be brought in New York State courts. Federal courts consistently find that they "do not have the discretion to exercise supplemental jurisdiction over an Article 78 claim." Cartagena v. City of N.Y., 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003) ("[T]he [State] Supreme Court has exclusive jurisdiction over Article 78 proceedings, with the exception of the Article 78 proceedings that must be brought in the Appellate Division.") (internal citation omitted); see also Beckwith v. Erie Cnty. Water Auth., 413 F. Supp. 2d 214, 226 (W.D.N.Y. 2006) ("[N]either federal nor New York state law empower the federal courts to consider [Article 78] claims[.]").

Accordingly, Chairman Bradley respectfully requests a pre-motion conference on his anticipated motion to dismiss. Plaintiffs' counsel opposes this request. We thank Your Honor for your consideration of this matter.[4]

                                                                                        Respectfully submitted,

                                                                                       /s/ Matthew L. Conrad
                                                                                       Matthew L. Conrad
                                                                                       Assistant Attorney General
                                                                                       28 Liberty Street
                                                                                       New York, N.Y. 10005
                                                                                       (212) 416-6352
                                                                                       Matthew.Conrad@ag.ny.gov

cc:     Jonathan Corbett, Esq. (by ECF)

---

[4] To the extent that Plaintiffs might request discovery prior to the resolution of this motion, discovery should be stayed because Chairman Bradley has "made a strong showing that [Plaintiffs'] claim[s] [are] unmeritorious" and Plaintiffs will not be prejudiced by a relatively short stay pending a decision that could resolve the entire case. See Int'l Bhd. of Teamsters Local 456 v. Quest Diagnostics Inc., 2011 WL 13377389, at *3 (E.D.N.Y. Oct. 4, 2011) (citing Transunion Corp. v. PepsiCo, 811 F.2d 127, 130 (2d Cir. 1987)) ("good cause" standard for discovery stays).