

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

**BY ECF AND E-MAIL**                                        November 23, 2020

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   New York Independent Venue Association, et al. v. Bradley, No. 20-cv-6870

Dear Judge Woods:

   This Office represents defendant Vincent G. Bradley, sued in his official capacity as Chairman of the New York State Liquor Authority ("SLA").

   As directed by the Court at the November 20, 2020 pre-motion conference, the parties write jointly regarding the status of other ongoing proceedings relating to the SLA Guidance at issue in this matter, and the effect of those actions on the present case. Further, Defendant renews his request that this matter be stayed pending the appeals in those other proceedings.

   First, on October 15, 2020, the Erie County Supreme Court issued an Order and Judgment in the matter Sportsmen's Tavern LLC v. New York State Liquor Authority, Index no. 809297/2020 (Erie County Sup. Ct.) (the "Sportsmen's Order"). The Sportsmen's Order, which was the final judgment of the court disposing of the proceeding, declared the SLA Guidance to be unconstitutional under the First Amendment of the U.S. Constitution, and arbitrary and capricious under Article 78 of the New York Civil Practice Law and Rules. On that basis, the court permanently enjoined the SLA from enforcing the SLA Guidance. The SLA has appealed the Sportsmen's Order to the Appellate Division, Fourth Department, where the SLA's motion for a stay pending appeal is currently pending. See Sportmen's Tavern LLC v. New York State Liquor Authority, Docket no. 20-1360 (N.Y. App. Div. 4th Dep't.).

   Second, on November 13, 2020, the U.S. District Court, Western District of New York, issued a Decision and Order in the matter Hund v. Cuomo et al., no. 20-cv-1176 (W.D.N.Y.) (the "Hund Order"), ruling on both the plaintiff's motion for a preliminary injunction and the defendants' motion to dismiss. On the motion to dismiss, the court denied Chairman Bradley's motion to dismiss with respect to Plaintiff's First Amendment and substantive due process claims, and granted Chairman Bradley's motion with respect to Plaintiff's procedural due process, equal protection, and takings claims. The court dismissed the claims against defendant Governor Andrew Cuomo in their entirety. On the motion for a preliminary injunction, the court enjoined Chairman Bradley from enforcing the SLA Guidance. Chairman Bradley has appealed the Hund Order to the

Honorable Gregory H. Woods  
November 23, 2020

Page 2 of 2

Second Circuit, and on November 20, 2020, filed an emergency motion for a stay pending appeal. That motion remains pending. See Hund v. Bradley et al., no. 20-3908 (2d Cir.).

Pursuant to the injunction issued in Hund, the SLA Guidance at issue in this case may not currently be enforced by the SLA unless its motion for a stay pending appeal is granted. On this basis, Defendant believes that this matter should be held in abeyance pending the decision of the Second Circuit in Hund. Plaintiffs oppose holding the case in abeyance because proceeding to discovery would allow the development of the factual record while the appellate courts examine the law, and thus wish to proceed with briefing of Chairman Bradley's proposed motion to dismiss.

The parties appreciate the Court's attention to this matter.

                                      Respectfully submitted,

                                      /s/ Matthew L. Conrad  
                                      Matthew L. Conrad  
                                      Assistant Attorney General  
                                      28 Liberty Street  
                                      New York, N.Y. 10005  
                                      (212) 416-6352  
                                      Matthew.Conrad@ag.ny.gov

cc:      Jonathan Corbett, Esq. (by ECF)